UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
IN ADMIRALTY

JANICE T. HYNES,

Plaintiff,

-vs-

KEY WEST EXPRESS, LLC and
J&J FISHING CORPORATION,
A Deleware Corporation, d/b/a
HYANNIS WHALE WATCHERS CRUISES,

Defendants.
_____/

## COMPLAINT

**COMES NOW** the Plaintiff, **JANICE T. HYNES**, by and through her undersigned attorneys, and sues Defendants, **KEY WEST EXPRESS, LLC,** a Florida Corporation, (KWE) and **J & J FISHING CORPORATION, A Deleware Corporation, d/b/a HYANNIS WHALE WATCHERS CRUISES, (J&J)** and alleges:

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($75,000.00).

2. This Court has jurisdiction pursuant to the contract of carriage, 28 U.S.C 1333 and the fact that one or more parties to this lawsuit are diverse.

3. At all times material hereto, Plaintiff, **JANICE T. HYNES** resides in Princeton, Massachusetts.

4. At all times material hereto Defendant, **KEY WEST EXPRESS, LLC,** was a Florida corporation authorized and doing business in Lee County, Florida and owned and operated the vessel the Key West Express.

5. At all times material hereto **J&J FISHING CORPORATION, A Deleware Corporation d/b/a HYANNIS WHALE WATCHERS CRUISES** owned, operated or leased the Key West Express.

6. The incident that gives rise to the issues in this lawsuit occurred on board the Key West Express in the Gulf of Mexico within the territorial waterways of the State of Florida.

7. At all times material hereto, Defendant, **KEY WEST EXPRESS, LLC,** owned, operated and maintained a vessel called Key West Express.

8. At all times mentioned herein, Defendant, **KEY WEST EXPRESS, LLC** and **J&J FISHING CORPORATION d/b/a HYANNIS WHALE WATCHERS CRUISES** were bareboat charterers, pro hac vice owners, owners, and/or operators of the Key West Express, a vessel which Defendant used to transport fare-paying passengers from Marco Island, Florida to Key West, Florida.

9. At all time material hereto, the Defendants, **KEY WEST EXPRESS, LLC** and **J&J FISHING CORPORATION d/b/a HYANNIS WHALE WATCHERS CRUISES** owed the Plaintiff the duty of reasonable care under the circumstances.

10. At all times material hereto, the vessel **KEY WEST EXPRESS, LLC** was warranted to be seaworthy and in fact the vessel was not seaworthy.

11. At all times material hereto, there was a step located on or near the pulpit or front of the vessel that was painted in the same color as the deck. Said step was unmarked and blended into the deck so that it was invisible or nearly invisible to the eye. Said step was unmarked and dangerous and either caused or substantially caused the plaintiff to fall and become severely injured.

## COUNT I

### LIABILITY AGAINST KEY WEST EXPRESS, LLC

Plaintiff, **JANICE T. HYNES,** reiterates and realleges the allegations of paragraphs 1 through 11 as if more fully set forth herein, and further states:

12. At all times material hereto, Defendant, **KWE** was a common carrier and as such owed the Plaintiff the highest duty of care.

13. On March 9, 2010, the Plaintiff, **JANICE T. HYNES,** was a passenger aboard the Key West Express vessel docked in Marco Island, Florida.

14. On the date and at the place aforesaid, the Defendant, **KWE** owed the Plaintiff, **JANICE T. HYNES,** the duty to exercise reasonable care under the circumstances for the safety of Plaintiff, **JANICE T. HYNES.**

15. On the date and at the place aforesaid, the Defendant, **KWE** breached the duty owed to the Plaintiff, **JANICE T. HYNES,** by committing one or more of the following omissions or commissions:

    a. Negligently failing to maintain or adequately maintain the floor area of the pulpit on the front of the vessel to ensure that the walking surface was adequately maintained and designed so that the steps were properly marked and was not unreasonably dangerous;

    b. Negligently failing to inspect or adequately inspect deck area and steps on or near the pulpit on the front of the vessel to ensure that it was properly marked and not in a dangerous condition;

    c. Negligently failing to warn or adequately warn the Plaintiff, **JANICE T. HYNES,** of the danger of falling due to the deck area and steps in and around the pulpit on the front

of the vessel being unmarked, as it was the same color as the rest of the deck and concealed the drop down of the step when the Defendant, KWE, knew or should have known of said danger;

    d. Negligently failing to correct, or adequately correct the dangerous condition of the deck area and step in and around the pulpit on the front of the vessel, when said dangerous condition was known to the Defendant, KWE, or had existed for a sufficient length of time so that the Defendant should have known of the dangerous condition.

  16. As a direct and proximate cause of the negligence of the Defendant, KWE, as heretofore alleged, the Plaintiff, **JANICE T. HYNES**, fell, and she sustained injuries and damages as hereinafter alleged.

  17. As a direct and proximate result of the negligence of the Defendant, **KWE**, as heretofore alleged, the Plaintiff, **JANICE T. HYNES**, was injured in and about her body; and incurred pain and suffering disfigurement, mental anguish, medical treatment, ongoing and/or permanent injures, and medical expenses for the treatment of said injuries;

**WHEREFORE** the Plaintiff, **JANICE T. HYNES**, demands judgment against the Defendant, **KEY WEST EXPRESS, LLC**, in an amount in for compensatory damages as well as pre-and post judgment interest and requests a trial by jury of all issues triable as of right by a jury.

**COUNT II**

**LIABILITY AGAINST J & J FISHING CORPORATION,**
**A Deleware Corporation, d/b/a HYANNIS WHALE WATCHERS CRUISES**

Plaintiff, **JANICE T. HYNES**, reiterates and realleges the allegations of paragraphs 1 through 11 as if more fully set forth herein, and further states:

18. At all times material hereto, **J&J FISHING CORPORATION, A Deleware Corporation d/b/a HYANNIS WHALE WATCHERS CRUISES** (hereinafter referred to as "**J&J**") was a common carrier and as such owed the Plaintiff the highest duty of care.

    a. On March 9, 2010, the Plaintiff, **JANICE T. HYNES**, was a passenger aboard the Key West Express vessel docked in Marco Island, Florida.

    b. On the date and at the place aforesaid, the Defendant, **J&J,** owed the Plaintiff, **JANICE T. HYNES**, the duty to exercise reasonable care under the circumstances for the safety of Plaintiff, **JANICE T. HYNES**.

    c. On the date and at the place aforesaid, the Defendant, **J&J,** breached the duty owed to the Plaintiff, **JANICE T. HYNES**, by committing one or more of the following omissions or commissions:

    d. Negligently failing to maintain or adequately maintain the deck area of the pulpit on the front of the vessel to ensure that the walking surface was adequately maintained and designed so that the step was properly marked and was not unreasonably dangerous;

    e. Negligently failing to inspect or adequately inspect deck area and steps of the pulpit on the front of the vessel to ensure that it was properly marked and not in a dangerous condition;

    f. Negligently failing to warn or adequately warn the Plaintiff, **JANICE T. HYNES**, of the danger of falling due to deck area and steps in and around the pulpit on the front of the vessel being unmarked, as it was the same color as the rest of the deck and concealed the drop down of the step when the Defendant, **J&J,** knew or should have known of said danger;

    g. Negligently failing to correct, or adequately correct the dangerous condition of the deck area and step in and around the pulpit on the front of the vessel, when said dangerous

condition was known to the Defendant, **J&J,** or had existed for a sufficient length of time so that the Defendant should have known of the dangerous condition.

19. As a direct and proximate cause of the negligence of the Defendant, **J&J,** as heretofore alleged, the Plaintiff, **JANICE T. HYNES,** fell, and she sustained injuries and damages as hereinafter alleged.

20. As a direct and proximate result of the negligence of the Defendant, **J&J** as heretofore alleged, the Plaintiff, **JANICE T. HYNES,** was injured in and about her body; and incurred pain and suffering disfigurement, mental anguish, medical treatment, ongoing and/or permanent injures, and medical expenses for the treatment of said injuries;;

**WHEREFORE** the Plaintiff, **JANICE T. HYNES,** demands judgment against the Defendant, **J&J FISHING CORPORATION, A Deleware Corporation, d/b/a HYANNIS WHALE WATCHERS CRUISES,** in an amount for compensatory damages as well as pre-and post judgment interest.

**A TRIAL BY JURY IS DEMANDED ON ALL TRIABLE ISSUES.**

DATED this 3rd day of March, 2011.

Adam Brum, Esquire
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 999512
Attorney for Plaintiff(s)